UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                                          CASE NO.: 22- 10014-SMG
Lorenzo Andrew Allen,                                                         CHAPTER 13
    Debtor.
                                            /

## OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

The Bank of New York Mellon f/k/a The Bank of New York as Successor to JPMorgan Chase Bank, N.A., as Trustee for Asset Backed Funding Corporation Asset-Backed Certificates, Series 2003-AHL1 ("Secured Creditor"), by and through its undersigned counsel, objects to confirmation of Debtor's First Amended Chapter 13 Plan (DE #38), and states as follows:

1. Debtor, Lorenzo Andrew Allen ("Debtor"), filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on January 3, 2022.

2. Secured Creditor holds a security interest in the Debtor's real property located at 6207 NW 66TH Way, Parkland, FL 33067, by virtue of a Mortgage recorded on December 2, 2002 at Instrument number 102451497 of the Public Records of Broward County, FL. Said Mortgage secures a Note in the amount of $401,000.00.

3. The Debtor filed a First Amended Chapter 13 Plan on April 13, 2022.

4. Debtor's Plan appears unclear as to whether wish to participate in MMM or not and only lists a regular monthly payment amount of $3,500.00 with arrears not addressed in the plan.

5. Secured Creditor's timely filed Proof of Claim lists a pre-petition arrearage of $512,530.41 and a regular monthly payment of $4,599.32. Secured Creditor objects to any plan that fails to account for all the pre-petition arrears and contractually post-petition monthly payment.

6. Further, if the debtor is indeed, intending to seek an MMM plan then the time for participating in MMM is quickly approaching and there is yet to be an order directing this matter to mediation.

7. Thus far, loan modification has not been offered or approved. Debtor is obligated to fund a Plan which is feasible to cure the arrears due to the objecting creditor within a reasonable time pursuant to 11 U.S.C § 1322(b)(5). Therefore, in the event that any loss mitigation efforts are not successful, the plan fails to satisfy the confirmation requirements of 11 U.S.C § 1325(a)(1).

**WHEREFORE**, Secured Creditor respectfully requests this Court sustain the objections stated herein and deny confirmation of Debtor's Plan, and for such other and further relief as the Court may deem just and proper.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 470-321-7112
Facsimile: 561-997-6909

By: /s/Christopher Salamone
Christopher Salamone, Esquire
Florida Bar Number 75951
Email: csalamone@raslg.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 21, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Lorenzo Andrew Allen
6207 NW 66th Way
Parkland, FL 33067

Robert J. Bigge Jr., Esq
915 Middle River Drive #401
Fort Lauderdale, FL 33304

Robin R Weiner
POB 559007
Fort Lauderdale, FL 33355

Office Of The US Trustee
51 S.W. 1st Ave. Suite 1204
Miami, FL 33130

        Robertson, Anschutz, Schneid, Crane & Partners, PLLC
        Attorney for Secured Creditor
        6409 Congress Ave., Suite 100
        Boca Raton, FL 33487
        Telephone: 470-321-7112
        Facsimile: 561-997-6909

        By: /s/Christopher Salamone
        Christopher Salamone, Esquire
        Florida Bar Number 75951
        Email: csalamone@raslg.com