## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re ) | Case No.: **22-10014-SMG** |
| LORENZO ANDREW ALLEN, ) | |
| Debtor ) | Chapter 13 |
| ) | |
| LORENZO A. ALLEN, ) | |
| Plaintiff ) | Adversary No. _____ |
| ) | |
| Vs. ) | |
| ) | |
| THE BANK OF NEW YORK ) | |
| F/K/A/ THE BANK OF NEW AS ) | |
| SUCCESSOR TO JPMORGAN ) | |
| CHASE BANK, N.A., AS TRUS- ) | |
| TEE FPR ASSET BACKED ) | |
| FUNDING CORPORATION AS- ) | |
| SET BACKED CERTIFICATES, ) | |
| SERIES 2003-AHL1; HINSHAW ) | |
| & CULBERTSON; and PETER ) | |
| HERNANDEZ, Esq. ) | |

## COMPLAINT

Plaintiff LORENZO A. ALLEN (hereinafter "Plaintiff"), files this complaint

against the Bank of New York Mellon f/k/a the Bank of New York as Successor to

JPMorgan Chase Bank, N.A., as Trustee for Asset Backed Funding Corporation Asset-

Backed Certificates, Series 2003-AHL1" (hereinafter, "BONY" or the "Defendant

BONY"); Hinshaw & Culbertson, LLP ("HINSHAW" or "Defendant HINSHAW");

Attorney Peter A. Hernandez (hereinafter, "HERNANDEZ" or Defendant

HERNANDEZ), and states:

## JURISDICTION

1. This is an adversary proceeding in which the Plaintiff is seeking actual and statutory damages due to Defendants BONY, HINSHAW; and HERNANDEZ' violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and this Court has jurisdiction to enter final orders pursuant to *Stern v. Marshall*, 564 U.S. 462 (2011) and its progeny.

4. Plaintiff has standing to bring this action pursuant to Fla. Stat. § 559.55 et seq.

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

6. At all material times herein, the conduct of the Defendants, complained of below, occurred in Broward County, Florida.

7. At all material times herein, Plaintiff Lorenzo Allen is an individual residing in Broward County, Florida.

8. At all times material hereto, Defendant BONY was and appears to be a New York Corporation with its principal place of business located at 240 Greenwich Street, New York, NY 10286. Defendant BONY lists its registered agent as CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324. Defendant BONY, itself and through its subsidiaries, regularly extends, services, and collects debts from consumers in Broward County.

9. At all times material hereto, the Defendant BONY is and was a "creditor" as that term is defined in F.S. § 559.55(5).

10. At all times material hereto, Defendant HINSHAW was and is a Florida for-profit corporation with its principal place of business located at 201 E. Las Olas Boulevard, Suite 1450, Fort Lauderdale, FL 33301. Defendant HINSHAW, does itself, and through its subsidiaries, regularly collects debts from consumers in Broward County, Florida.    Through information and belief, HINSHAW's registered agent is as Hinshaw & Culbertson, LLP, at 201 E. Las Olas Boulevard, Suite 1450, Fort Lauderdale, FL 33301.

11. At all times material hereto, Defendant HERNANDEZ is, sui juris, and who at all times relevant hereto was and is a member of the Florida Bar. Defendant HERNANDEZ was and is an individual with his principal place of business located at 201 E. Las Olas Boulevard, Suite 1450, Fort Lauderdale, FL 33301. Defendant HERNANDEZ, does himself, and through his subsidiaries, regularly collects debts from consumers in Broward County, Florida. Through information and belief, HERNANDEZ's registered agent is as Hinshaw & Culbertson, LLP, at 201 E. Las Olas Boulevard, Suite 1450, Fort Lauderdale, FL 33301.

12. At all material times herein, the Defendants used instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

13. At all material times herein, Defendants HINSHAW and HERNANDEZ regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Additionally, Defendants HINSHAW and HERNANDEZ regularly collects debts—on behalf of others—in this District by suing hundreds of consumers for mortgage foreclosure, and in such instances, Defendants HINSHAW and HERNANDEZ generally seeks a judgment on the note and reservation of jurisdiction for enforcement of a deficiency judgment.

15. At all material times herein, Defendants are "debt collectors" as defined by the FCCPA, and as supported by the allegations above.

16. Additionally, Defendants HINSHAW and HERNANDEZ regularly collects debts—on behalf of others—in this District by suing hundreds of consumers for mortgage foreclosure, and in such instances, Defendants HINSHAW and HERNANDEZ generally seeks a judgment on the note and reservation of jurisdiction for enforcement of a deficiency judgment

17. In Broward County alone, a search of court docket filings shows that Defendants HINSHAW and HERNANDEZ has attempted (or is attempting) to collect debt from consumers—on behalf of others—via the filing of lawsuits.

18. At all material times herein, HINSHAW and HERNANDEZ, are and were agents of BONY.

19. At all material times herein, Defendant HERNANDEZ acted on his own and/or through Defendants BONY and HINSHAW.

20. At all material times herein, the Defendants attempted to collect a debt allegedly incurred incident to a mortgage encumbering Plaintiff's homestead residence (hereinafter, the "Debt").

21. At all material times herein, the Debt is a consumer debt, incurred primarily for personal, household, or family use.

22. At all material times herein, the Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by the FCCPA.

23. Specifically, at all material times herein, the Defendants email communications on February 9, 2022, February 15, 2022, February 18, 2022, February 21, 2022 and again on February 27, 2022 (see Exhibits "A- E" below), qualifies as such communication. Moreover, each of those email communications are subject to this complaint (as defined *infra*), and were each a "claim, attempt, or threat to enforce a debt" as defined by Florida Statutes, Section 559.72(9).

24. At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

25. At all material times herein, Defendants are each a "person" subject to Florida Statutes, Section 559.72. See Fla. Stat. § 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

26. At all material times herein, HINSHAW and HERNANDEZ acted on behalf of, with the approval of, and with full authority on behalf of BONY, within the scope of HINSHAW and HERNANDEZ' agency and creditor-debt collector relationship with BONY.

27. All necessary conditions precedent to the filing of this action occurred or Defendants waived the same.

28. At all times material hereto, Plaintiff Lorenzo Allen owned and continues to own the subject property, which is located in Broward County, Florida.

29. At all material times herein, Plaintiff is a "debtor(s)" or "consumer(s)" as defined by the FCCPA.

30. The Subject Property is a residential single-family home structure.

31. Plaintiff is a natural person residing in Parkland, Florida.

## *PREFACE*

32. Here, the Defendants BONY, HINSHAW and HERNANDEZ (collectively, the "Defendants") willfully communicated (via several emails) with the Plaintiff/Debtor Lorenzo Allen, and did so with such a frequency designed to harass and abuse the Plaintiff/Debtor. Moreover, the Defendants willfully engaged in other conduct (scheduling an inappropriate state Court hearing), in order to abuse and harass the Plaintiff/Debtor even more.

33. The Defendants, by repeatedly sending Plaintiff harassing emails in an attempt to trick the Plaintiff/Debtor into agreeing to the entry of a state Court final judgment, when they knew that they were not yet entitled to such final judgment, violated Florida law. Therefore, via their repeated emails, the Defendants falsely asserted the existence of a legal right - the right to a state Court Final Judgment, that they knew did not exist.

34. Indeed, by repeatedly attempting to obtain a state Court final judgment, the Defendants claimed, attempted, and threaten to enforce a debt (the Mortgage Note), when each of the Defendants knew that they were asserting the existence of the

right to enforce the alleged debt, even though they knew that such right did not did not exist at the time.

35. Finally, the Defendants, through their repeated harassing emails, directly communicated with the Plaintiff/Debtor, when each of the Defendants knew that the Debtor/Plaintiff Lorenzo Allen, was, and still is, represented by an attorney with respect to the aforementioned debt. Moreover, the Defendants (by appearing in the underlying chapter 13 bankruptcy case), clearly had knowledge of the Plaintiff attorney's name and address, but, prior to initiating their harassing email campaign, made no attempts whatsoever to contact the Debtor's attorney.

## **BACKGROUND FACTS**

36. On or before February 5, 2022, the Plaintiff Lorenzo Allen's bankruptcy attorney appeared in this instant case and filed several documents on the Plaintiff/Debtor's behalf. [ECF Nos. 15-19].

37. On February 7, 2022, the Plaintiff's attorney filed a Motion to reinstate this chapter 13 bankruptcy case, which the Court granted on February 18, 2022. [ECF Nos. 20 and 23].

38. On February 9, 2022, Defendants BONY and HERNANDEZ (despite the automatic stay being in place), file a motion in the 17th Judicial Circuit Court (the "state Court"). Shortly after filing their motion in the state Court, Defendant HERNANDEZ (despite knowing that the Plaintiff Lorenzo Allen was then, represented by counsel), chose to "communicate" with the Plaintiff via email, by requesting that he [the represented Plaintiff/Debtor] "approve" or agree with the entry of an amended final judgment. A copy of Defendant HERNANDEZ'

February 9, 2022 email communication with the represented Plaintiff, is attached hereto as Exhibit "A".

39. On February 15, 2022, Defendant BONY, by and through Defendant HERNANDEZ, once again chose to communicate with the represented Plaintiff, by sending him [plaintiff] a "follow-up" email - essentially harassing and attempting to deceive the Plaintiff into "approving" something that's not in the Plaintiff's best interest – the re-entry of the void final judgment. A copy of Defendant HERNANDEZ' February 15, 2022 email harassing and attempting to deceive an unsophisticated Plaintiff, is attached hereto as Exhibit "B".

40. On February 18, 2022, this Court entered an order reinstating this instant bankruptcy case, and immediately thereafter, the Plaintiff file and served an amended "suggestion of bankruptcy" in the state Court. Shockingly however, HERNANDEZ (after acknowledging the reinstatement of this instant bankruptcy case), chose to continue communicating with, and harassing the Plaintiff into "approving" or agreeing to a state Court final judgment. A copy of HERNANDEZ' February 18, 2022 email harassing and attempting to deceive an unsophisticated Plaintiff, is attached hereto as Exhibit "C".

41. On February 21, 2022 (three days after this instant case was reinstated) HERNANDEZ, once again sent a harassing email to the represented Plaintiff, which essentially threatens the Plaintiff to "approve" the motion for final judgment or face a state court hearing on the matter. A copy of HERNANDEZ' February 21, 2022 email harassing and attempting to deceive an unsophisticated Plaintiff, is attached hereto as Exhibit "D".

42. On February 27, 2022, HERNANDEZ continued harassing and attempting to deceive the represented Plaintiff by communicating with him via yet another email, this time, giving the Plaintiff a March 1, 2022 deadline to approve and agree with HERNANDEZ' motion for a post-petition final judgment, or face having to attend a hearing on the matter. A copy of HERNANDEZ' February 27, 2022 email harassing and attempting to deceive an unsophisticated Plaintiff, is attached hereto as Exhibit "E".

43. On March 15, 2022, HERNANDEZ, on behalf of creditor BONY, fulfilled his repeated threats by scheduling a hearing to occur in the state Court on March 28, 2022 – all while the Plaintiff's chapter 13 bankruptcy case is pending before this Court; and while the Defendants BONY and HERNANDEZ knew Plaintiff was represented by counsel. A copy of HERNANDEZ' March 15, 2022 email harassing and attempting to deceive an unsophisticated Plaintiff, is attached hereto as Exhibit "F".

## COUNT I

### DEFENDANTS BONY, HINSHAW and HERNANDEZ VIOLATON OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
*(F.S. § 559.72(7), (9) and (18))*

44. Plaintiff repeat and realleges paragraphs 1 through 43 with the same force and effect as though fully set forth herein.

45. Florida Statutes § 559.72 (7) provides that:

> "in collecting consumer debts, no person shall willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

46. Florida Statutes § 559.72 (9) provides that:

> "in collecting consumer debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

47. Florida Statutes § 559.72 (18) provides that:

> "in collecting consumer debts, no person shall communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

48. Thus, by sending or causing to be sent Exhibit "A" on February 9, 2022 while Plaintiff/Debtor Lorenzo Allen was protected by the bankruptcy automatic stay and represented by counsel with respect to the debt in question, Defendants BONY, HINSHAW and HERNANDEZ violated §§ 559.72 (7), (9), and (18), Fla. Stat.

49. Defendants BONY, HINSHAW and HERNANDEZ are all subject to, and each violated the provisions of Florida Statutes, sections §§ 559.72 (7), (9), and (18), Fla. Stat.

50. As a direct and proximate result of the Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

51. The Debtor has, is continuing to, and will suffer actual damages in the form of attorney fees, emotional distress, anxiety, and the constant fear of losing his home, worry, embarrassment, and anguish as a result of the ongoing stay violations and other egregious conduct on the part of the Creditor BANK of NY, and/or its agents.

**WHEREFORE,** Plaintiff/Debtor Lorenzo Allen demands judgment against BONY,

HINSHAW and HERNANDEZ for actual damages, injunctive relief, and statutory

damages of $1,000 each.

## COUNT II

### DEFENDANTS BONY, HINSHAW and HERNANDEZ
### VIOLATON OF THE FLORIDA CONSUMER
### COLLECTION PRACTICES ACT
*(F.S. § 559.72(7), (9) and (18))*

52. Plaintiff repeat and realleges paragraphs 1 through 51 with the same force and effect

as though fully set forth herein.

53. Florida Statutes § 559.72 (7) provides that:

> "in collecting consumer debts, no person shall willfully communicate with
> the debtor or any member of her or his family with such frequency as can
> reasonably be expected to harass the debtor or her or his family, or willfully
> engage in other conduct which can reasonably be expected to abuse or
> harass the debtor or any member of her or his family."

54. Florida Statutes § 559.72 (9) provides that:

> "in collecting consumer debts, no person shall claim, attempt, or threaten to
> enforce a debt when such person knows that the debt is not legitimate, or
> assert the existence of some other legal right when such person knows that
> the right does not exist."

55. Florida Statutes § 559.72 (18) provides that:

> "in collecting consumer debts, no person shall communicate with a debtor
> if the person knows that the debtor is represented by an attorney with respect
> to such debt and has knowledge of, or can readily ascertain, such attorney's
> name and address, unless the debtor's attorney fails to respond within 30
> days to a communication from the person, unless the debtor's attorney
> consents to a direct communication with the debtor, or unless the debtor
> initiates the communication.

56. Thus, by sending or causing to be sent Exhibit "B" on February 15, 2022 while

Plaintiff/Debtor Lorenzo Allen was protected by the bankruptcy automatic stay and

represented by counsel with respect to the debt in question, Defendants BONY, HINSHAW and HERNANDEZ violated §§ 559.72 (7), (9), and (18), Fla. Stat.

57. Defendants BONY, HINSHAW and HERNANDEZ are all subject to, and each violated the provisions of Florida Statutes, sections §§ 559.72 (7), (9), and (18), Fla. Stat.

58. As a direct and proximate result of the Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

59. The Debtor has, is continuing to, and will suffer actual damages in the form of attorney fees, emotional distress, anxiety, and the constant fear of losing his home, worry, embarrassment, and anguish as a result of the ongoing stay violations and other egregious conduct on the part of the Creditor BANK of NY, and/or its agents.

**WHEREFORE,** Plaintiff/Debtor Lorenzo Allen demands judgment against BONY,

HINSHAW and HERNANDEZ for actual damages, injunctive relief, and statutory

damages of $1,000 each.

## COUNT III

### DEFENDANTS BONY, HINSHAW and HERNANDEZ
### VIOLATON OF THE FLORIDA CONSUMER
### COLLECTION PRACTICES ACT
*(F.S. § 559.72(7), (9) and (18))*

60. Plaintiff repeat and realleges paragraphs 1 through 59 with the same force and effect

as though fully set forth herein.

61. Florida Statutes § 559.72 (7) provides that:

> "in collecting consumer debts, no person shall willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

62. Florida Statutes § 559.72 (9) provides that:

> "in collecting consumer debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

63. Florida Statutes § 559.72 (18) provides that:

> "in collecting consumer debts, no person shall communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

64. Thus, by sending or causing to be sent Exhibit "C" on February 18, 2022 while Plaintiff/Debtor Lorenzo Allen was protected by the bankruptcy automatic stay and represented by counsel with respect to the debt in question, Defendants BONY, HINSHAW and HERNANDEZ violated §§ 559.72 (7), (9), and (18), Fla. Stat.

65. Defendants BONY, HINSHAW and HERNANDEZ are all subject to, and each violated the provisions of Florida Statutes, sections §§ 559.72 (7), (9), and (18), Fla. Stat.

66. As a direct and proximate result of the Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

67. The Debtor has, is continuing to, and will suffer actual damages in the form of attorney fees, emotional distress, anxiety, and the constant fear of losing his home, worry, embarrassment, and anguish as a result of the ongoing stay violations and other egregious conduct on the part of the Creditor BANK of NY, and/or its agents.

**WHEREFORE**, Plaintiff/Debtor Lorenzo Allen demands judgment against BONY,

HINSHAW and HERNANDEZ for actual damages, injunctive relief, and statutory

damages of $1,000 each.

## COUNT IV

### DEFENDANTS BONY, HINSHAW and HERNANDEZ VIOLATON OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
*(F.S. § 559.72(7), (9) and (18))*

68. Plaintiff repeat and realleges paragraphs 1 through 67 with the same force and effect

as though fully set forth herein.

69. Florida Statutes § 559.72 (7) provides that:

> "in collecting consumer debts, no person shall willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

70. Florida Statutes § 559.72 (9) provides that:

> "in collecting consumer debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

71. Florida Statutes § 559.72 (18) provides that:

> "in collecting consumer debts, no person shall communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

72. Thus, by sending or causing to be sent Exhibit "D" on February 21, 2022 while

Plaintiff/Debtor Lorenzo Allen was protected by the bankruptcy automatic stay and

represented by counsel with respect to the debt in question, Defendants BONY, HINSHAW and HERNANDEZ violated §§ 559.72 (7), (9), and (18), Fla. Stat.

73. Defendants BONY, HINSHAW and HERNANDEZ are all subject to, and each violated the provisions of Florida Statutes, sections §§ 559.72 (7), (9), and (18), Fla. Stat.

74. As a direct and proximate result of the Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

75. The Debtor has, is continuing to, and will suffer actual damages in the form of attorney fees, emotional distress, anxiety, and the constant fear of losing his home, worry, embarrassment, and anguish as a result of the ongoing stay violations and other egregious conduct on the part of the Creditor BANK of NY, and/or its agents.

**WHEREFORE**, Plaintiff/Debtor Lorenzo Allen demands judgment against BONY,

HINSHAW and HERNANDEZ for actual damages, injunctive relief, and statutory

damages of $1,000 each.

## COUNT V

### DEFENDANTS BONY, HINSHAW and HERNANDEZ
### VIOLATON OF THE FLORIDA CONSUMER
### COLLECTION PRACTICES ACT
*(F.S. § 559.72(7), (9) and (18))*

76. Plaintiff repeat and realleges paragraphs 1 through 75 with the same force and effect

as though fully set forth herein.

77. Florida Statutes § 559.72 (7) provides that:

> "in collecting consumer debts, no person shall willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

78. Florida Statutes § 559.72 (9) provides that:

> "in collecting consumer debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

79. Florida Statutes § 559.72 (18) provides that:

> "in collecting consumer debts, no person shall communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

80. Thus, by sending or causing to be sent Exhibit "E" on February 27, 2022 while Plaintiff/Debtor Lorenzo Allen was protected by the bankruptcy automatic stay and represented by counsel with respect to the debt in question, Defendants BONY, HINSHAW and HERNANDEZ violated §§ 559.72 (7), (9), and (18), Fla. Stat.

81. Defendants BONY, HINSHAW and HERNANDEZ are all subject to, and each violated the provisions of Florida Statutes, sections §§ 559.72 (7), (9), and (18), Fla. Stat.

82. As a direct and proximate result of the Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

83. The Debtor has, is continuing to, and will suffer actual damages in the form of attorney fees, emotional distress, anxiety, and the constant fear of losing his home, worry, embarrassment, and anguish as a result of the ongoing stay violations and other egregious conduct on the part of the Creditor BANK of NY, and/or its agents.

**WHEREFORE**, Plaintiff/Debtor Lorenzo Allen demands judgment against BONY,

HINSHAW and HERNANDEZ for actual damages, injunctive relief, and statutory

damages of $1,000 each.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff/Debtor Lorenzo Allen demands judgment against

BONY, HINSHAW and HERNANDEZ and as a direct and proximate result of the

Defendants' conduct, Plaintiff respectfully request:

a. Judgment against Defendants declaring that each of the Defendants violated the FCCPA;
b. Judgment against the Defendants for maximum statutory damages for violations of the
FCCPA;
d. Actual damages in an amount to be determined at trial;
e. Punitive damages in an amount to be determined at trial;
f. An award of attorneys' fees and costs; and
g. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

1. Plaintiff hereby demand a trial by jury on all issues triable by right.

Respectfully submitted,

Lorenzo A. Allen
6207 NW 66th Way
Parkland, Florida 33067

# Exhibit A

-----Original Message-----

From: Hernandez, Peter A. <PAHernandez@hinshawlaw.com>

To: lorenzo allen <poboy62@aol.com>

Cc: Fernandez, Barbara <bfernandez@hinshawlaw.com>

Sent: Wed, Feb 9, 2022 3:40 pm

Subject: Bank of New York Mellon v. Juanita Allen / Case no. CACE14009009 / Motion to Vacate

Good afternoon Mr. Allen,

I am writing to provide a copy of the Motion to Vacate Final Judgment and for Entry of Amended Final Judgment of Foreclosure.

Attached please find an Agreed Order granting the motion. Please confirm your approval in order to submit the proposed order to the Court for consideration.

Thank you,

Peter A. Hernandez, Esq.

Hinshaw & Culbertson LLP

2525 Ponce de Leon Blvd, 4th Floor, Coral Gables, FL 33134

305-428-5071 | Fax: 305-577-1063

PAHernandez@hinshawlaw.com | hinshawlaw.com

2 attachments

Motion To Vacate Final Judgment.pdf

515K

Allen, Juanita - Order on Plaintiff Motion to Vacate Judgment.DOCX

37K

# Exhibit B

-----Original Message-----

From: Hernandez, Peter A. <PAHernandez@hinshawlaw.com>

To: lorenzo allen <poboy62@aol.com>

Cc: Fernandez, Barbara <bfernandez@hinshawlaw.com>; Connolly, Doreen <DConnolly@hinshawlaw.com>

Sent: Tue, Feb 15, 2022 2:53 pm

Subject: FW: Bank of New York Mellon v. Juanita Allen / Case no. CACE14009009 / Motion to Vacate

Mr. Allen,

I am writing to follow up on the proposed Agreed Order. Please confirm I have your approval to submit the order.

Thank you,

Peter A. Hernandez, Esq.

Hinshaw & Culbertson LLP

2525 Ponce de Leon Blvd, 4th Floor, Coral Gables, FL 33134

305-428-5071 | Fax: 305-577-1063

PAHernandez@hinshawlaw.com | hinshawlaw.com

# Exhibit C

----- Forwarded Message -----

From: Hernandez, Peter A. <pahernandez@hinshawlaw.com>

To: lorenzo allen <poboy62@aol.com>

Cc: Fernandez, Barbara <bfernandez@hinshawlaw.com>; Connolly, Doreen <dconnolly@hinshawlaw.com>

Sent: Friday, February 18, 2022, 11:26:53 AM EST

Subject: RE: Bank of New York Mellon v. Juanita Allen / Case no. CACE14009009 / Motion to Vacate

Mr. Allen,

In light of the Amended Suggestion of Bankruptcy filed today notifying that the bankruptcy proceedings have been reinstated, attached please find a revised Agreed Order granting in part Plaintiff's Motion. Please review and advise if we have your approval to submit the proposed order for the Court's consideration.

Thank you,

Peter A. Hernandez, Esq.

Hinshaw & Culbertson LLP

2525 Ponce de Leon Blvd, 4th Floor, Coral Gables, FL 33134

305-428-5071 | Fax: 305-577-1063

PAHernandez@hinshawlaw.com | hinshawlaw.com

# Exhibit D

-----Original Message-----

From: Hernandez, Peter A. <PAHernandez@hinshawlaw.com>

To: lorenzo allen <poboy62@aol.com>

Cc: Fernandez, Barbara <bfernandez@hinshawlaw.com>; Connolly, Doreen <DConnolly@hinshawlaw.com>

Sent: Mon, Feb 21, 2022 11:05 pm

Subject: RE: Bank of New York Mellon v. Juanita Allen / Case no. CACE14009009 / Motion to Vacate

Mr. Allen,

Should we proceed to schedule a hearing on the motion to vacate or do you approve of the revised order?

Thank you,

Peter A. Hernandez, Esq.

Hinshaw & Culbertson LLP

2525 Ponce de Leon Blvd, 4th Floor, Coral Gables, FL 33134

305-428-5071 | Fax: 305-577-1063

PAHernandez@hinshawlaw.com | hinshawlaw.com

# Exhibit E

-----Original Message-----

From: Hernandez, Peter A. <PAHernandez@hinshawlaw.com>

To: lorenzo allen <poboy62@aol.com>

Cc: Fernandez, Barbara <bfernandez@hinshawlaw.com>; Connolly, Doreen <DConnolly@hinshawlaw.com>

Sent: Sun, Feb 27, 2022 9:54 am

Subject: RE: Bank of New York Mellon v. Juanita Allen / Case no. CACE14009009 / Motion to Vacate

Mr. Allen,

I do not see a response from you approving the proposed agreed order vacating the judgment. Please let me know by Tuesday, March 1, 2022 or I will have my assistant schedule a hearing on the motion.